IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROSEMARY PUENTES,

      Plaintiff,

v.                                                        No. 2:20-cv-1320 MV/KRS

RES-CARE, INC.,

      Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on Plaintiff's Motion to Remand and for Attorney Fees, (Doc. 6), filed December 29, 2020.[1] Defendant filed a response to the Motion to Remand on January 11, 2021, (Doc. 9), and Plaintiff filed a reply on January 19, 2021, (Doc. 13). On February 19, 2021, the presiding judge referred the Motion to Remand to the undersigned to conduct hearings and recommend an ultimate disposition of the Motion in accordance with 28 U.S.C. § 636(b)(1)(B), (b)(3), and Fed. R. Civ. P. 72(b). (Doc. 24). Having considered the briefing on the Motion, the record of the case, and relevant law, the Court recommends granting the Motion to Remand.

**I.    BACKGROUND**

Plaintiff filed this suit in New Mexico state court on November 2, 2020, asserting claims for sexual harassment, retaliation, and constructive discharge. (Doc. 1-1) at 4-5. On January 13, 2021, Plaintiff filed a "First Amended Complaint Subject to Plaintiff's Motion to Remand," in

---

[1] Plaintiff later filed Exhibit 1 to the Motion to Remand at Document 15, titled "Notice of Errata."

which Plaintiff brings claims of retaliation and constructive discharge. (Doc. 11). In both her original Complaint and Amended Complaint, Plaintiff asserts damages including "back pay and benefits, front pay and benefits, punitive damages, emotional distress damages in the past and future, reinstatement, reasonable and necessary attorney's fees, pre-judgment and post-judgment interest as allowed by law and costs of Court." (Doc. 1-1) at 5; (Doc. 11) at 3. Plaintiff further states that "she seeks an amount no more than $74,999.00," and attaches an affidavit stipulating that "the amount in controversy is no more than $74,999.00, plus interest and costs" and that she waives "any recovery in this case, whether it be for actual damages, punitive damages, attorney fees, reinstatement or other non-monetary recovery, or any other possible category of recovery, in any amount totaling in excess of $74,999.00, plus interest and costs." (Doc. 1-1) at 5, 7; (Doc. 11) at 3, 7.

On December 29, 2020, Defendant removed the action to this Court on the basis of diversity jurisdiction. (Doc. 1). Plaintiff argues in her Motion to Remand that there is no federal diversity jurisdiction because Plaintiff has explicitly sued for less than the jurisdictional threshold amount. (Doc. 6) at 1. Defendant disputes this and asserts that Plaintiff's stipulation to a damages cap "is of no effect with respect to the amount in controversy" and that based on Plaintiff's allegations and damages sought, the amount she might lawfully recover is likely to exceed the jurisdictional amount. (Doc. 9) at 2.

## II.     LEGAL STANDARDS

Under 28 U.S.C. § 1441, a defendant in state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed there originally. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In general, original jurisdiction is

lacking unless there is diversity of citizenship or a federal question is presented on the face of the plaintiff's complaint. *Id.*; *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005). Diversity jurisdiction requires diversity of citizenship and an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Accordingly, "there is a presumption against removal jurisdiction," and the removing party has the burden to show that removal is proper. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *McShares, Inc. v. Barry*, 979 F. Supp. 1338, 1342 (D. Kan. 1997).

Where the complaint does not assert an amount due, the party asserting federal diversity jurisdiction must prove by a preponderance of the evidence jurisdictional facts showing that the amount in controversy may exceed $75,000. *McPhail v. Deere & Co.*, 529 F.3d 947, 953-55 (10th Cir. 2008) ("[D]efendant must affirmatively establish jurisdiction by proving jurisdictional *facts* that made it *possible* that $75,000 was in play.") (citation omitted) (emphasis in original). The amount in controversy "is an estimate of the amount that will be put at issue in the course of the litigation." *Id.* at 955. Once the defendant puts forth jurisdictional facts that make it possible the amount in controversy exceeds $75,000, the case stays in federal court "unless it is legally certain that less than $75,000 is at stake." *Id.* at 954 (quotation marks omitted). A defendant may prove these jurisdictional facts by pointing to:

> contentions, interrogatories or admissions in state court; by
> calculation from the complaint's allegations[;] by reference to the

> plaintiff's informal estimates or settlement demands[;] or by
> introducing evidence, in the form of affidavits from the
> defendant's employees or experts, about how much it would cost
> to satisfy the plaintiff's demands.

*Id.* (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006)). Defendant may also look to the "substance and nature of the injuries and damages described in the pleadings." *Hanna v. Miller*, 163 F. Supp. 2d 1302, 1306 (D.N.M. 2001).

### III. ANALYSIS

Because Plaintiff does not assert a specific amount due, Defendant bears the burden of proving by a preponderance of the evidence that the amount at issue may involve more than $75,000. *McPhail*, 529 F.3d at 953. To do so, Defendant argues that Plaintiff's stipulation does not cap her damages at an amount under $75,000, and that the potential for Plaintiff to recover emotional distress and punitive damages, as well as attorney fees, provides evidence that the amount at issue may exceed the jurisdictional threshold. (Doc. 9) at 3-5.

Plaintiff has consistently represented before and after removal that the amount in controversy is less than $75,000. Indeed, Plaintiff has not merely stated that she *seeks* less than $75,000, she also attached an affidavit to her Complaint waiving any recovery in this case "for actual damages, punitive damages, attorney fees, reinstatement or other non-monetary recovery, or any other possible category of recovery, in any amount totaling in excess of $74,999.00, plus interest and costs." (Doc. 1-1) at 7; (Doc. 11) at 7. The United States Supreme Court has recognized that a plaintiff may limit the amount of damages it seeks in a state court action to avoid diversity jurisdiction and thereby prevent removal to federal court. *See The Standard Fire Ins. Co. v, Knowles*, 568 U.S. 588, 595 (2013) ("[F]ederal courts allow plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state

court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement.") (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938) ("If [a plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove")).

Defendant argues that Plaintiff's stipulation is not binding on the Court and does not make it legally certain that Plaintiff will recover less than $75,000 in this case. (Doc. 9) at 4 (citing *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1245 (10th Cir. 2012) ("A court may not forgo an analysis of a defendant's claims regarding the amount in controversy merely because a plaintiff pleads that he is seeking less than the jurisdictional amount.")). Defendant is correct that a post-removal stipulation cannot strip the Court of diversity jurisdiction where evidence otherwise indicates that damages are above $75,000. This is because diversity jurisdiction is established at the time of removal. *See Padilla v. American Hallmark Ins. Co. of Tex.*, 2020 WL 435457, at *2 (D.N.M.) (citing *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991) ("[T]he propriety of removal is judged on the complaint as it stands at the time of the removal.")); *see also Rael v. GEICO Gen. Ins. Co.*, 2017 WL 3051953, at *4 (D.N.M.) (where evidence otherwise indicated that damages were above $75,000, the plaintiff's post-removal stipulation that she would not seek more than $75,000 "came too late").

There are two problems with Defendant's argument. First, Plaintiff's affidavit was filed *pre-removal* and, thus, the amount in controversy at the time of removal was less than $75,000. Therefore, the cases Defendant relies on in encouraging the Court to discount Plaintiff's stipulation are unpersuasive. Second, Defendant fails to explain why this stipulation would not

5

be binding on the Court and fails to show how it is not legally certain that Plaintiff will recover less than $75,000 in this case. A stipulation "can be considered as evidence of an otherwise ambiguous damages amount at the time of removal." *Padilla*, 2020 WL 435457, at *2 (finding post-removal stipulation provided "credible evidence" that the amount in controversy did not exceed $75,000); *see also Meyer v. Union Pacific Railroad Co.*, 2016 WL 4440452, at *1 (D. Kan.) (remanding case in light of post-removal stipulation that plaintiff was seeking less than $75,000 in damages); *Carter-Reed Co., LLC v. Demulder*, 2014 WL 2048298, at *3 (D. Utah) (finding complaint that specifically restricted the amount the plaintiff sought to less than $75,000 "is sufficient to preclude a finding that the amount-in-controversy requirement has been satisfied"); *Garcia v. Timberlake*, 2012 WL 13081216, at *3 (D.N.M.) (post-removal affidavit clarifying that amount in controversy did not exceed $75,000 established that jurisdiction was lacking at time of removal) (collecting cases). Indeed, courts have explained that a stipulation to recover less than the jurisdictional amount is binding through the doctrine of judicial estoppel, and the party's counsel is subject to Rule 11 sanctions if the party later attempts to recover more than the stipulated amount. *See, e.g., Carter-Reed Co., LLC*, 2014 WL 2048298, at *3, n.8. Moreover, if a plaintiff relies on an affidavit in federal court for remand, and then proceeds to seek more than $75,000 in state court, "the plaintiff would be acting in bad faith within the contemplation of 28 U.S.C. § 1446(c)(1), thereby allowing a defendant to remove a case beyond the one-year limitation." *Id.*

Based on the foregoing, the Court finds that Plaintiff's waiver of recovery of any amount in excess of $74,999, exclusive of interest and costs, precludes a finding that the amount in controversy in this case is satisfied. Because the amount in controversy at the time of removal

was below the jurisdictional amount, the Court does not have subject matter jurisdiction under 28 U.S.C. 1332(a) and the action should be remanded to state court.

Plaintiff also moves for attorney fees under 28 U.S.C. § 1447(c). Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." (Doc. 6) at 10-11. The Court may award attorney fees under this section when the removing party lacked an objectively reasonable basis for seeking removal. *Porter Tr. v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1*, 607 F.3d 1251, 1253 (10th Cir. 2010) (citation omitted). "No showing of bad faith is necessary to justify the award. What *is* required to award fees, however, is a showing that the removal was improper *ab initio*." *Topeka Hous. Auth.*, 404 F.3d 1245, 1248 (10th Cir. 2005) (citation omitted) (emphasis in original). Here, Defendant did not have an objectively reasonable basis for seeking removal in light of Plaintiff's clear stipulation to waive recovery of any amount in excess of the jurisdictional amount. This stipulation made removal improper *ab initio*. Accordingly, the Court recommends granting Plaintiff's request for fees incurred in connection with the motion to remand.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Motion to Remand, (Doc. 6), be **GRANTED**; this case be **REMANDED** to the Third Judicial District Court, Dona Ana County, State of New Mexico; and Plaintiff be awarded reasonable fees incurred in connection with the Motion to Remand.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

**WITHIN FOURTEEN (14) DAYS AFTER A PARTY IS SERVED WITH A COPY OF THESE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION, THAT PARTY MAY, PURSUANT TO 28 U.S.C. § 636(B)(1), FILE WRITTEN OBJECTIONS TO SUCH PROPOSED FINDINGS AND RECOMMENDED DISPOSITION.  A PARTY MUST FILE ANY OBJECTIONS WITH THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO WITHIN THE FOURTEEN (14) DAY PERIOD ALLOWED IF THAT PARTY WANTS TO HAVE APPELLATE REVIEW OF THE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION.  IF NO OBJECTIONS ARE FILED, NO APPELLATE REVIEW WILL BE ALLOWED. PURSUANT TO FED. R. CIV. P. 72(B)(2), A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE OBJECTIONS.**